UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS F. CASEY, as an individual and as a private attorney general on behalf of the general public,<br><br>Plaintiff,<br>v.<br>ROBERT OLSON, an individual, et. al.,<br><br>Defendants. | Civil No. 09cv1111 JAH (POR)<br><br>**ORDER RE: MOTIONS TO DISMISS [Doc. Nos. 7, 11, 32]** |

On April 9, 2009, Plaintiff filed a complaint for quiet title, rescission, breach of contract, breach of fiduciary duty, negligence, indemnity, breach of covenant of good faith and fair dealing, declaratory and injunctive relief, and violations of Business and Professions Code section 17200, *et. seq.* naming Robert Olson, Lance Morque, Gary Hawley, St. Stephen State Bank ("St. Stephen" "the Bank"), "all person unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to Plaintiff's title" and Does 1 through 50 as Defendants. Plaintiff's action arises from the alleged breach of two written agreements entered into for the purpose of obtaining financing for a proposed wedding park on land owned by Plaintiff: (1) an "Agency Agreement" between plaintiff and Defendants Morque and Hawley and (2) a "Loan Agreement" between Plaintiff and Defendant St. Stephen State Bank. Plaintiff further alleges certain oral agreements surrounding the financing of the wedding park.

1    Defendant St. Stephen removed the matter to the district court on May 21, 2009.
2  Defendant Gary Hawley filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal
3  Rules of Civil Procedure.  Defendant Olson filed a motion to dismiss pursuant to Rule
4  12(b)(6) and to strike portions of the complaint pursuant to Rule 12(f).  Defendant
5  Morque also filed a motion to dismiss the complaint.  Plaintiff filed oppositions to the
6  motions and the defendants filed replies.  Upon review of the parties' submissions, the
7  Court GRANTS IN PART AND DENIES IN PART Defendant Hawley's motion to
8  dismiss, GRANTS Defendant Olson's motion to dismiss and DENIES the motion to strike
9  and GRANTS IN PART AND DENIES IN PART Defendant Morque's motion to
10 dismiss.[1]

## LEGAL STANDARD

Defendants seek to dismiss the action for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.  Robertson, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference

---

[1] St. Stephen also filed a motion to dismiss.  However, pursuant to the parties' joint motion to dismiss, St. Stephen was dismissed from the action with prejudice.

that the defendant is liable fo the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## DISCUSSION

### I. Defendant Hawley's Motion to Dismiss

Applying California law, Defendant Hawley argues Plaintiff's breach of contract claim, rescission claim, negligence claim, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and declaratory relief claim should be dismissed as barred by the applicable statute of limitations. He further seeks dismissal for failure to state a claim against him.

### A. Choice of Law

This Court, in diversity cases, must apply the choice of law rules of the forum state in order to determine what law to apply here. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1940). "To determine the law governing a contract, California courts look to the relevant statute and, for further guidance to the choice-of-law principals outlined in the Restatement." Shannon-Vail Five, Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001) (citing Henderson v. Superior Court, 77 Cal.App.3d 583 (1978)). A contract is interpreted by the law and usage of the place of performance, or if not indicated, by the law of the place where it was made. Cal.Civ. Code § 1646. Notwithstanding section 1646, the choice of law provision of a contract will generally govern its interpretation. See Cal.Civ. Code § 1646.5.

Additionally, in actions not involving a contract, "[q]uestions of choice of law are determined ... by the 'governmental interest analysis' ... [U]nder the governmental interest analysis approach, the forum in a conflicts situation 'must search to find the proper law to apply based upon the interests of the litigants and the involved states.'" Offshore Rental Co. v. Continental Oil Co., 22 Cal.3d 157, 161 (1978). To do so, this Court must analyze "the respective interests of the states involved ... the object of which is to 'determine the

law that most appropriately applies to the issue involved.'" <u>Hurtado v. Superior Court</u>, 11 Cal.3d 574, 579, quoting <u>Reich v. Purcell</u>, 67 Cal.2d 551, 554 (1967).

California employs a three part "governmental interest analysis" to determine which jurisdiction's law will apply. <u>Bowoto v. Chevron Corp.</u>, 2006 WL 2455761, *7 (N.D. Cal. Aug. 22, 2006)(quoting <u>Abogados v. AT & T, Inc.</u>, 223 F.3d 932, 934 (9th Cir. 2000)). This choice of law analysis carries a presumption that California law applies and that the proponent of the foreign state law bears the burden of showing a compelling reason justifying displacement of California law. <u>Marsh v. Burrell</u>, 805 F. Supp. 1493, 1496 (N.D.Cal. 1992). First, the court examines whether the substantive law of each state differs. Second, if there is a difference in the laws, the court determines whether each of the states has a legitimate interest in the application of the rule of the decision at issue. If both states have a legitimate interest, then the court moves to the third step. Third, the court identifies and applies the law of the state whose interest would be more impaired if its law were not applied." <u>Abogados, 223 F. 3d at 934</u>. "When neither party identifies a meaningful conflict between California law and the law of another state, California courts apply California law." <u>Homedics, Inc. v. Valley Forge Ins. Co.</u>, 315 F.3d 1135, 1138 (9th Cir. 2003).

Applying section 1646 and the "government interest test", Defendant Hawley maintains California law should govern in this matter. Plaintiff briefly addresses the choice of law issue presented by the action, maintains two of the agreements in dispute state Minnesota law apply, but ultimately states he will use California law in addressing the motion although he does not concede California law applies. Because both parties apply California law and Plaintiff fails to meet his burden of showing that there is a compelling reason to displace California law, the Court will apply California law.

**B. Analysis**

Applying California's two year limitations period of section 339 of the California Code of Civil Procedure, Defendant Hawley argues the breach of contract claim, claim for rescission, claim for breach of a fiduciary duty, breach of the duty of good faith and fair

dealing and claim for declaratory relief are all time-barred.

**1. Breach of Contract**

Plaintiff seeks relief for breach of contract in his fourth cause of action against Defendants Hawley and Morque. Defendant argues the claim is barred by the applicable two year statute of limitations. Upon review of the complaint and the parties' arguments, the Court is unable to determine the date of the alleged breach as Plaintiff fails to properly allege a breach of the contract by Defendant Hawley. In order to state a claim for breach of contract, Plaintiff must allege: (1) the existence and terms of the contract itself; (2) Plaintiff's performance of the contract or excuse for nonperformance; (3) Defendant's breach; and (4) the resulting damage to the Plaintiff. See McDonald v. John P. Scripps Newspaper, 210 Cal.App.3d 100, 104 (1989). "A fundamental rule of law is that 'whether the action be in tort or contract compensatory damages cannot be recovered unless there is a causal connection between the act or omission complained of and the injury sustained." Id. (citing Capell Associates, Inc. v. Central Valley Security Co., 260 Cal.App.2d 773, 779 (1968)).

The only nonconclusory[2], factual allegations against Defendant Hawley in support of the breach of contract claim are: (1) Plaintiff executed a written agreement in which he agreed Morque and Hawley would serve as exclusive placement agents to obtain financing for the development of a wedding park and Hawley and Morque would receive a fee equal to four percent of the principal amount of the loan. Complaint ¶¶ 15, 45, 65; (2) Plaintiff believes Defendant Hawley did not have a broker's license. Id. ¶ 54; (3) Hawley entered into the oral Agency Agreement and agreed to act as Plaintiff's exclusive agent. Id. ¶ 65; (4) Hawley "negligently or intentionally" misrepresented facts regarding the Bank's intention or ability to fund the loan. Id.; and (5) Hawley failed to disclose Morque was the Bank's agent. Id. ¶¶ 65, 71.

In response to the motion, Plaintiff suggests that Morque's "dual agency", based

---

[2] Plaintiff includes a number of legal conclusions couched as allegations which are not entitled to any presumption of truth. See Iqbal, 129 S.Ct. at 1950.

upon his work for the Bank on the same loan for which he agreed to represent Plaintiff exclusively, was the breach committed by Defendant Hawley.  There is no non-conclusory allegation that Hawley acted as an agent for the Bank, that he knew Morque was an agent for the bank or that he was required, under the terms of the agreement to inform Plaintiff Morque was an agent of the Bank.  Furthermore, while Plaintiff alleges Hawley did not have a broker's license, he does not allege failure to have a license is a breach of the contract.  Finally, there are no allegations that Hawley was aware of the Bank's secret intentions, or that the contract required him to reveal them to Plaintiff if he knew.  As such, Plaintiff fails to allege Hawley breached the Agency Agreement.

Accordingly, the Court finds Plaintiff fails to state a claim for breach of contract against Defendant Hawley and the claim is subject to dismissal.

**2. Rescission**

Plaintiff seeks rescission of the various agreements and notes at issue in the matter and an award returning the parties to the *status quo ante*.

Defendant argues Plaintiff's claim for rescission should be dismissed as time-barred. Specifically, he argues the latest date, based on the facts of the complaint, that Plaintiff could have discovered his right to rescind the contract was March 15, 2007, when Plaintiff was informed the Bank would not be able to fund the loan as originally agreed and the complaint asserting the claim was filed beyond the two year limitations period.  He further argues there is nothing for him to give back to put the parties in their original position as there is no allegation that he was paid the commission agreed upon and, therefore, Plaintiff fails to state a claim.

Plaintiff contends he states a claim for rescission against Hawley because he alleges his consent to execute the loan documents was given by mistake or obtained through fraud or undue influence and the consideration failed in a material respect through the fault of the defendants.  Plaintiff further argues the allegations of the complaint demonstrate the Bank refused to proceed with the loan on May 7, 2007.

Contrary to Plaintiff's contention, the Court finds Plaintiff fails to state a claim for

rescission against Defendant Hawley. In the complaint, Plaintiff alleges Defendant Hawley engaged in conduct entitling him to rescission in only conclusory terms.[3] Accordingly, the claim is subject to dismissal.

### 3. Breach of Fiduciary Duty

In his fifth cause of action, Plaintiff seeks relief based upon Hawley's breach of a fiduciary duty for failure to notify Plaintiff that Morque was working as an agent of the bank. Complaint ¶ 71. As discussed above, there are no allegations that Hawley was aware of this fact. Accordingly, Plaintiff fails to state a claim for breach of a fiduciary duty.

### 4. Negligence

In his sixth cause of action, Plaintiff alleges Defendant Hawley breached his duty to exercise reasonable skill in performing his duties as Plaintiff's agent by failing "to conduct a reasonably competent and diligent investigation of the Bank's intent and ability to place or to fund" the loan and to properly document the Bank's promises. Id. ¶ 76.

Defendant argues the negligence claim is barred, because Plaintiff's ability to rescind the contract with the Bank occurred when the Bank informed him it would not be able to fund the loan as agreed on March 15, 2007, more than two years before the action was filed. Plaintiff again argues the Bank did not "pull the plug on the loan until May 2007." Opp. at 14.

"[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claims." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206-07 (9th Cir. 1995). The running of the limitations period must be apparent on the face of the complaint. See id.; see also Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Construing all reasonable inferences in Plaintiff's favor, the Court finds it is not clear from the face of the

---

[3]For example, Plaintiff alleges "[t]he consideration for Plaintiff's obligations under the Agency Agreement, the Loan Agreement and the Loan Documents has failed in a material respect, in whole or in part, through the fault of the Bank, Morque and Hawley." This statement is no more than a recitation of one of the grounds for rescission presented in section 1689 of the California Civil Code.

1  complaint that the negligence claim is untimely.  See Knievel v. ESPN, 393 F.3d 1068,
2  1072 (9th Cir. 2005).  Accordingly, the motion to dismiss the negligence claim as time
3  barred is denied.

4  **5.  Breach of the Duty of Good Faith and Fair Dealing**

5  Plaintiff seeks relief against Defendant Hawley for breach of the covenant of good
6  faith and fair dealing in the eighth cause of action.  Inherent in every contract is a duty of
7  good faith and fair dealing, which is imposed on each party in its performance and its
8  enforcement.  See McClain v. Octagon Plaza, LLC, 159 Cal. App.4th  784, 798 (2008).
9  To establish a breach of the implied covenant of good faith and fair dealing, a plaintiff
10  must establish the existence of a contractual obligation, along with conduct that frustrates
11  the other party's rights to benefit from the contract.  See Racine & Laramie, Ltd. v.
12  Department of Parks & Recreation, 11 Cal. App.4th 1026, 1031-32 (1992).

13  Defendant argues the implied covenant of good faith and fair dealing is based upon
14  the oral contract and is therefore subject to the two year limitations period.  He further
15  argues the breach occurred on March 15, 2007, when the bank informed Plaintiff it would
16  not fund the loan which was the latest point for Plaintiff to rescind the contract.  Plaintiff
17  argues he sufficiently alleges the existence of a contract and a breach of the covenant of
18  good faith and fair dealing.

19  In the complaint, Plaintiff alleges Hawley breached the covenant of good faith and
20  fair dealing by his failure to disclose Morque was acting as the Bank's agent in connection
21  with the loan and failing to inform Plaintiff they were performing services without the
22  broker's license required by the California Department of Real Estate.  As discussed above
23  Plaintiff fails to allege Hawley was aware of Morque's work for the Bank.  Additionally,
24  there are insufficient facts in the complaint to support Plaintiff's allegation that Defendant
25  Hawley's failure to have a broker's license, as a resident of Minnesota, frustrated Plaintiff's
26  rights to the benefit of the contract.  The Court finds Plaintiff fails to state a claim for
27  breach of the duty of good faith and fair dealing against Defendant Hawley.
28  //

**6. Declaratory Relief**

In his ninth cause of action, Plaintiff seeks declaratory relief. Specifically, he seeks a declaration of the rights and obligations under the various agreements at issue in this matter. Because the Court finds the claims against Hawley, with the exception of the negligence claim, are subject to dismissal as discussed above, he has failed to properly allege he is entitled to declaratory relief.

**7. Violations of the Business and Professions Code § 17200**

In his tenth cause of action, Plaintiff alleges Defendants actions are in violation of the law and are unlawful conduct under section 17200 of the California Business and Professions Code.

Section 17200 of the California Business and Professions Code prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A business practice can violate this section even if it is merely unfair and not unlawful. Gregory v. Albertson's, Inc., 104 Cal. App.4th 845, 850 (2002). An act is "unlawful" under section 17200 if it violates an underlying state or federal statute or common law. Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 180 (1999). An act is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." Id. at 187. However, "a plaintiff alleging unfair business practices under the UCL must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

Defendant argues the cause of action fails to state a claim, because there is no allegation that he received anything of value and therefore has nothing to disgorge as restitution. He further argues injunctive relief under section 17200 *et. seq.* is improper because injunctive relief requires a showing of no adequate remedy at law and the complaint is replete with allegations of monetary damages. With no discussion, Plaintiff contends he alleges specific facts supporting his claim for violation of section 17200 *et. seq.*

of the Business and Professions code.

In his tenth cause of action, Plaintiff summarily states the previously plead conduct constitutes violations of the California Business and Professions Code, and further states he seeks a judicial determination as to the various defendants' advertising and promotional materials provided to the general public. See Complaint ¶¶ 93 - 102. Plaintiff makes no allegations as to any advertising or statement to the public by Defendant Hawley. Additionally, the tenth cause of action fails to state, with any particularity, the facts supporting the violation against Defendant Hawley. Accordingly, Plaintiff fails to state a claim for violation of the California Business and Professions Code against Defendant Hawley.

**8. Indemnity**

Plaintiff seeks indemnity from Defendant Hawley in his seventh cause of action. He alleges the amounts owed to the Bank and his damage which will result from the loss of his property are caused by the misrepresentation, breach of fiduciary duty and negligence of Olson, Morque and Hawley. As discussed above, Plaintiff fails to properly allege claims against Hawley for misrepresentation and breach of fiduciary duty. Accordingly, he fails to sufficiently allege he is entitled to this remedy based upon those claims. Additionally, Plaintiff alleges

> "[t]he amounts owed to the Bank by Plaintiff, if any, under the Loan Documents, and Plaintiff's damage which will result from the loss of his Property through foreclosure by the Bank are caused primarily and ultimately by the misrepresentations, breach of fiduciary duty and negligence of Olson, Morque and Hawley

Complaint ¶ 79. He fails to allege any payment of the underlying claim and therefore fails to state a claim for indemnity. See Jocer Enterprises, Inc. v. Price, 183 Cal.Appl4th 559, 574 (2010) (A claim for indemnity accrues when the plaintiff pays the underlying claim.).

**II. Defendant Olson's Motions**

Defendant Olson seeks to dismiss the fifth, sixth, seventh, eighth, ninth and tenth causes of action for failure to state a claim. Defendant also seeks to strike paragraphs 16-20, 22-36, 38, 46-55, 59-61, 72, 74, 83, 85, 86 and 96-101 of the complaint, Plaintiff's

claim for tort damages and use of the term "loan agreement" in the complaint.

**A. Motion to Dismiss**

Defendant Olson argues Plaintiff fails to allege any personal liability against him and fails to set forth sufficient facts to state a claim against him in his individual capacity. Defendant further argues Plaintiff's claims are time-barred.[4]

**1. Breach of Fiduciary Duty**

Defendant Olson joins in the arguments made by Defendant St. Stephen State Bank in its motion to dismiss. St. Stephen argued Plaintiff fails to establish the existence of a fiduciary relationship between Plaintiff and St. Stephen, and even if a fiduciary relationship is alleged, Plaintiff fails to allege facts suggesting a breach of any duty owed under the agreement. Defendant Olson further argues a corporate officer or director's potential personal liability to a third party does not extend to mere pecuniary loss. Olson maintains, at all relevant times, he was acting in his representative capacity as an officer and director of the bank. He also argues, even if St. Stephen were acting as a fiduciary, as director of the bank, he would not be deemed individually to have any fiduciary obligations to Plaintiff.

Plaintiff argues the general proposition that the relationship between a bank and a borrower does not give rise to a fiduciary duty may not apply here, where the bank actively pursued Plaintiff. He further argues, that St. Stephen had a general obligation not to engage in misrepresentation. Plaintiff does not specifically address Olson's argument that acting in his capacity as an officer of the bank, Olson, individually, had no fiduciary obligations to Plaintiff.

To the extent Plaintiff seeks relief for breach of a fiduciary duty against St. Stephen and its officers, the complaint fails to state a claim. Under California law, a lender does not generally owe a fiduciary duty, unless the lender exerts a high degree of control or

---

[4] As discussed below, the claims are subject to dismissal for failure to state a claim. The Court, therefore, will not address the timeliness argument. However, the Court notes that whether a claim is untimely must be apparent on the face of the complaint and reading the current complaint and all reasonable inferences in Plaintiff's favor, Plaintiff's claims are not clearly untimely.

dominance over the borrower. See Pension Trust Fund for Operating Engineers v. Federal Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002). There are no allegations demonstrating the level of control necessary to find a fiduciary duty under California law. Accordingly, Plaintiff's cause of action for breach of a fiduciary duty against Defendant Olson fails to state a claim.

**2. Negligence**

Defendant argues Plaintiff fails to allege facts to establish Olson had any duty to Plaintiff as a director of the bank. He further argues Plaintiff only alleges pecuniary harm which does not give rise to liability against Defendant Olson. Plaintiff maintains he alleges sufficient facts entitling him to relief in his negligence claim. He maintains he alleges Olson is personally liable for his acts. In reply, Defendant maintains the negligence claim fails because it lacks the duty element.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted). As alleged in his complaint, Olson's conduct was undertaken as a director of and on behalf of the Bank. Generally, directors and officers are not personally liable for torts "unless they participate in the wrong, or authorize or direct that it be done." United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 595 (1970). A breach of an officer's duty to the corporation is insufficient to support liability to third persons. Id. The alleged tortious conduct must constitute a breach to the third person. Id. However, California courts have limited the imposition of liability on directors for their active participation in tortious acts to those resulting in physical injury. See Haidinger-Hayes, 1 Cal.3d at 595.

Here, Plaintiff alleges Olson personally told Plaintiff the Bank's was willing to fund a loan for Plaintiff's proposed wedding park and Olson discussed the various terms of the loan. See Complaint ¶¶ 17 - 29. Plaintiff further alleges the Bank failed to fund the entire amount of the loan and Olson breached his duty to exercise reasonable skill in

1  performing his duties by failing to conduct a investigation into the Bank's intent to fund
2  the loan, to disclose Morque was acting as the Bank's agent and to properly document the
3  Bank's promises.  Id. ¶¶ 33, 76.  Plaintiff asserts he was damaged in the amount of
4  $750,000 as a result of Olson's breach.  Id. ¶ 77.  Plaintiff's allegations amount to Olson
5  performing his duties on behalf of the Bank which resulted in pecuniary harm.  Plaintiff
6  fails to sufficiently allege Defendant Olson's conduct was a breach of a duty he owed to
7  Plaintiff.  As such, Plaintiff fails to state a claim for negligence against Defendant Olson.

### 3. Indemnity

Defendant argues the claim for indemnity, which is entirely derivative of the negligence and breach of fiduciary duty claims likewise fails.  Defendant argues Plaintiff may only recover indemnity against Olson based upon Olson's negligent performance of contractual obligations owed to Plaintiff and the complaint fails to allege any contractual relationship between Olson personally and Plaintiff.

Corporate officers are not personally liable on contracts on behalf of a corporation unless they bind themselves individually.  Haidinger-Hayes, Inc., 1 Cal.3d at 595.  There are no allegations to support personal obligations by Defendant Olson.  Accordingly, the indemnity cause of action is subject to dismissal.

### 4. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant argues Plaintiff fails to allege any facts to support his claim that Olson had a contractual relationship or breached an implied covenant of good faith and fair dealing.  Because the complaint fails to allege a contractual relationship between Olson and Plaintiff, the claim for breach of the implied covenant of good faith and fair dealing fails to state a claim.  See Racine & Laramie, 11 Cal.4th at 1031-32 (A plaintiff must establish the existence of a contractual obligation to support a claim for breach of the covenant of good faith and fair dealing).

### 5. Declaratory and Injunctive Relief

Defendant argues the claim for declaratory and injunctive relief fails to state a claim, because it is entirely derivative of Plaintiff's claims for breach of fiduciary duty,

1  negligence, and breach of the implied covenant of good faith and fair dealing.  Without
2  argument in support, Plaintiff maintains he sufficiently alleges facts that entitle him to
3  relief and the motion should be denied.

4  Because the Court finds the claims for breach of fiduciary duty, negligence and
5  breach of the implied covenant of good faith and fair dealing fail to state a claim, the claim
6  for declaratory and injunctive relief, which is derivative of those claims, also fails.

7  **6. Violation of Business and Professions Code section 17200**

8  Defendant Olson argues Plaintiff's tenth cause of action does not allege any specific
9  facts, but merely refers back to the previously alleged conduct and maintains it is unlawful,
10 unfair, fraudulent and deceptive" and thus constitutes a violation of sections 17200 and
11 17500 of the California Business and Professions Code.[5]  Defendant further argues there
12 is no allegation of any advertisement or public statement by Olson that was false or
13 misleading and Plaintiff has otherwise failed to allege unfair or unlawful conduct.     In
14 response, Plaintiff contends he will re-plead all previously made factual allegations if the
15 Court so requires and argues Defendant Olson fails to meet his burden that the claim must
16 be dismissed.  He further asserts he should be provided an opportunity to amend his
17 complaint if the Court is inclined to dismiss any of the claims.  Plaintiff does not address
18 Defendant's specific argument that Plaintiff fails to allege any predicate conduct to
19 support a claim under sections 17200 and 17500.

20 Plaintiff's tenth cause of action states the various defendants' conduct constitutes
21 a violations of the California Business and Professions Code in conclusory terms and lacks
22 the required particularity.  The cause of action also states Plaintiff seeks relief on behalf
23 of the general public for advertising and promotional materials.  However, the complaint
24 contains no allegations that Olson engaged in any advertising or made statements to the
25 general public promoting his or the Bank's services.  Therefore, the claim is subject to
26 dismissal.

27 //

28

---

[5]Defendant also joins in St. Stephen's identical argument.

**7. Request for Leave to Amend**

Defendant opposes Plaintiff's request to amend the complaint. The Court finds Plaintiff should be provided an opportunity to amend the complaint to properly allege claims against the defendants. See Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990).

**B. Motion to Strike**

Because the Court is dismissing the claims against Defendant Olson, the motion to strike allegations and language of the current complaint with respect to Defendant Olson is denied as moot.

**III. Defendant Morque's Motion to Dismiss**

Defendant argues Plaintiff's complaint fails to state a claim and is time barred.

**A. Choice of Law**

The parties set forth the same choice of law discussion presented in Defendant Hawley's motion. As such, for the reasons stated in the choice of law analysis above, the Court will apply California law.

**B. Analysis**

**1. Breach of Contract**

Defendant Morque maintains Plaintiff alleges he entered into an oral agreement with defendant on June 26, 2006, and alleges three breaches: (1) dual agency; (2) lack of a broker's license; and (3) misrepresentation of the Bank's intentions. Defendant argues the allegations do not properly or timely allege a breach of the Agency Agreement.

Specifically, Defendant contends the use of the term "exclusive" in the agency agreement is Plaintiff's promise not to use any other agents besides Morque and Hawley to obtain the loan and is not a promise by Defendant to represent only Plaintiff. He further contends the claim is untimely because, as of October 27, 2006, when Defendant Morque sent a letter to Plaintiff using the Bank's letterhead, the relationship between the Bank and Morque was disclosed to Plaintiff. Additionally, Defendant argues whether or not a broker's license is required is immaterial as it is not a contract term, and therefore,

it is not a breach. He further argues there is no contract term requiring him to disclose anything concerning the Bank's intentions and there is no allegation that he knew about the Bank's purported secret intentions regarding the loan. Defendant argues the latest Plaintiff could have discovered the breach was March 15, 2007, when the bank informed him that it would not fund the loan as previously claimed.

Plaintiff argues the statute of limitations bar must clearly appear from the face of the complaint and he maintains there are disputed facts surrounding the breach.[6] Plaintiff does not address Defendant's arguments regarding the misrepresentation of facts or the broker's license.

A review of the complaint demonstrates Plaintiff fails to allege a broker's license was required by the terms of the contract or that Morque was required to inform Plaintiff of the Bank's secret intentions, or that he was even aware of the Bank's intentions. Reading the facts of the complaint in Plaintiff's favor, the "exclusive" language of the Agency Agreement may be read as suggesting Morque would work on his behalf to obtain a loan and not on behalf of the proposed lender. However, the letter drafted by Defendant Morque on St. Stephen letterhead[7] should have put Plaintiff on notice that Morque was working on behalf of the Bank as of the date on the letter. See April Enters. v. KTTV, 147 Cal.App.3d 805 (1983) (Under the discovery rule a breach of contract claim accrues from the date a plaintiff knew or should have known of the facts giving rise to his action). As such, based upon the facts alleged in the complaint and materials submitted with the complaint, the breach of contract claim against Morque is untimely and subject to dismissal.

//

---

[6] Plaintiff introduces new facts in his opposition to dispute Defendant's suggestion that the letter dated October 27, 2006 provided him notice Morque was working for the Bank. Because these facts are not contained in the complaint, the Court will not consider them. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

[7] The letter was attached to Plaintiff's complaint. See Lee v. City of Los Angeles, 250 F.3d at 688-89 (A court may consider documents submitted with the complaint on a motion to dismiss).

**2. Rescission**

Defendant argues Plaintiff knew or was put on notice of facts entitling him to rescind a contract no later than March 15, 2007, when the Bank informed him it would not be able to fund the loan as originally agreed and the action filed more than two years later is barred. Additionally, he argues there is nothing for him to disgorge or give back, because there is no allegation that he received any commission.

Plaintiff argues he sufficiently alleges his consent to the Agency Agreement and the Loan Agreement were given by mistake or obtained through fraud or undue influence exercised by the defendants or the connivance of the defendants and the consideration for his obligations failed in a material respect through the fault of the defendants. He maintains this satisfies the pleading requirements for a claim of rescission. He further argues the statute of limitations began to run from May 2007, when the St. Stephen refused to proceed with the loan.

As discussed above, the breach of contract claim as to the Agency Agreement is untimely. The cause of action for rescission is likewise untimely. Additionally, there are no allegations that Defendant Morque was a party to the Loan Agreement. Accordingly, the rescission claim is subject to dismissal.

**3. Sixth Cause of Action for Negligence**

Defendant argues the claim for negligence is barred by the two year limitations period, as Plaintiff should have been aware of the facts supporting his claim for negligence on March 15, 2007. Plaintiff argues St. Stephen did not "pull the plug" on the loan until May 2007. As discussed above, it is not clear from the face of the complaint that the negligence claim is untimely. As such, the motion to dismiss this cause of action is denied.

**4. Breach of Fiduciary Duty**

Defendant contends Plaintiff's claim is one for professional negligence and is therefore subject to the two year limitations period. He argues Plaintiff should have been aware of the facts supporting his claim as of March 15, 2007. Plaintiff argues he did not discover Morque was serving as the bank's agent until November 2008 and St. Stephen

refused to fund the loan in May 2007.

As discussed above, the allegations of the complaint suggest that Plaintiff should have known about Morque serving as the Bank's agent in October 2006 when he received the letter from Morque on the Bank's letterhead. Therefore, Plaintiff's claim for breach of fiduciary duty based upon Morque's "dual agency" is subject to dismissal. The claim based upon Morque's representations regarding the Bank's intention and ability to fund the loan is not clearly untimely. Accordingly, the motion to dismiss the claim is granted as to the "dual agency" allegation and denied as to the misrepresentation allegation.

**5. Breach of Duty of Good Faith and Fair Dealing**

Defendant maintains the two year limitations period applies because it is based upon an oral contract. He argues Plaintiff knew or should have inquired about facts supporting his claim on March 15, 2007. Plaintiff argues he has sufficiently established the statute of limitations has not run

The claim for breach of the duty of good faith and fair dealing stems from the Agency Agreement and is based upon Morque's alleged "dual agency." As discussed above, the claim is untimely. Therefore, this claim is subject to dismissal.

**6. Declaratory Relief**

Defendant argues the two year statute of limitations bars the claim for declaratory relief because Plaintiff seeks relief based upon a breach of an oral contract and the time period began to run on or before March 15, 2007. Plaintiff argues the claim was timely plead.

This claim is based upon the obligations under the Agency Agreement and the Loan Agreement and Loan Documents. As discussed above, Plaintiff should have known of any claims arising under the breach of the Agency Agreement as of October 2006 when he received the letter from Defendant Morque on the Bank's letterhead. Thus, the claim based upon the breach of the Agency Agreement is untimely. Additionally, Plaintiff fails to allege Morque is a party to or has any obligations under the Loan Agreement or the Loan Documents. Accordingly, he fails to state a claim for declaratory relief as to those

1  agreements and the declaratory relief claim is subject to dismissal.

**7. Violation of Business and Professions Code section 17200**

Defendant argues Plaintiff fails to state a claim for violation of California Business and Professions Code because restitution is not supported by the allegations and there is nothing for Morque to disgorge.  He further argues injunctive relief is not warranted under section 17203, because the complaint alleges monetary damages and an injunction requires there be no adequate remedy at law.  Plaintiff argues he sufficiently pleads this cause of action and contends Morque fails to meet his burden.

As discussed previously, Plaintiff's tenth cause of action states the various defendants' conduct constitutes violations of the California Business and Professions Code in conclusory terms and lacks the required particularity.  Plaintiff also fails to allege Morque engaged in any advertising or made statements to the general public promoting his services.  Accordingly, Plaintiff fails to properly allege a cause of action for violation of California's Business and Professions Code against Defendant Morque.

**8. Indemnity Claim**

Defendant argues Plaintiff fails to allege Morque and Casey were joint tortfeasors who share liability and therefore, fails to state a claim for indemnification.  He further argues the gravaman of Plaintiff's action is to recover for alleged wrongs and is barred by the two year statute of limitations.

Plaintiff argues he states a claim for implied contractual indemnity against Defendant Morque.  In California, implied contractual indemnity is a form of equitable indemnity. See Bay Development, Ltd. v. Superior Court, 50 Cal.3d 1012 (1990).  It is "applied to contract parties and is designed to apportion loss among contract parties based on the concept that one who enters a contract agrees to perform the work carefully and to discharge foreseeable damages resulting from the breach." Smoketree-Lake Murray, Ltd. v. Mills Concrete Construction Co., 234 Cal.App.3d 1724, 1136 (1991).  Loss is apportioned according to the parties' breach. Id.  Implied contractual indemnity requires the indemnitee and indemnitor share liability and is unavailable in "the absence of joint

legal obligation to the injured party." <u>Jocer Enterprises, Inc. v. Price</u>, 183 Cal.Appl4th 559 (2010).

A claim for implied contractual indemnity accrues "at the time the indemnity claimant suffers loss or damage-that is, at the time of payment of the underlying claim." <u>Id.</u> at 574. In his complaint, Plaintiff alleges the amounts owed to the Bank "if any" are a result of Morque's negligence. As alleged, the complaint fails to allege payment of the underlying claim and, therefore, fails to state a claim for implied contractual indemnity.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant Hawley's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** as to the negligence claim against Defendant Hawley. The motion is **GRANTED** as to the remaining claims. The claims are dismissed without prejudice.

2. Defendant Olson motion to dismiss is **GRANTED.** The claims against Defendant Olson are dismissed without prejudice. The motion to strike is **DENIED as moot.**

3. Defendant Morque's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** as to the negligence and breach of fiduciary duty claims. The motion is **GRANTED** as to the remaining claims against Defendant Morque. The claims are dismissed without prejudice.

4. Plaintiff may file an amended complaint addressing the deficiencies noted above **on or before October 5, 2010**.

DATED: September 7, 2010

JOHN A. HOUSTON
United States District Judge